**Motion Granted; Order and Dissent to Order filed March 9, 2021.**



In the

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-20-00817-CV
_____

**KITTEN STRAHAN AND LEOPOLD SISTER PROPERTIES, LLC,**
**Appellants**

**v.**

**JAMES DEAVER SERVICES, INC. AND JAMES E. DEAVER, JR.,**
**Appellees**

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20-CV-0531**

## DISSENT TO ORDER

The court grants appellees' motion that requests (1) substitution of a law firm (as opposed to individual counsel), (2) substitution of lead counsel, (3) addition of another attorney, (4) and "removal" of a law firm.[1] To the extent

---

[1] The court states it is granting an "unopposed motion to substitute counsel." Whatever the court is granting, it is misleading to describe it as an unopposed motion to substitute counsel. Substitution under the Texas Rules of Appellate Procedure only occurs "[i]f an **attorney**

that the first three requests need no motion, the "grant" is harmless. The fourth request is not harmless.

It is not clear whether the court considers Texas Rule of Appellate Procedure 6, which governs a motion for leave to withdraw from representing a party in the appellate court, to be merely "a suggestion" or to be "the law." Generally, parties and attorneys do not need court permission to terminate their attorney-client relationship, but once an attorney appears in the appellate court to represent a party as counsel, Rule 6 unambiguously requires the "attorney" to have the court's leave to withdraw from representing the party. Tex. R. App. P. 6.

Applying Rule 6.1(b), Attorney Burke is already lead counsel for appellees as his signature first appeared on the first document filed in this court. Tex. R. App. P. 6.1(b). The appearance of another attorney for appellees is governed by Rule 6.2, and the motion can fairly be interpreted as sufficient notice of appearance of Attorney Seffens as additional counsel for appellees. That Burke changed law firms does not affect his existing status as counsel representing appellees in this court, so the motion can fairly be interpreted as a notice to the clerk of this court to update Burke's contact information.

I disagree with the court on two matters. First, the court suggests that Burke needs this court's permission to change law firms after appearing as counsel in this court. He does not; where he practices law is not this court's business. Second, the

substitutes for a withdrawing attorney." Tex. R. App. P. 6.5(d) (emphasis added). The motion lists no attorneys withdrawing or substituting; instead, the motion requests that lead counsel's **law firm** substitute "as counsel in this matter." Rule 6.5 requires that such a motion "must be delivered to the party in person or mailed—both by certified and by first-class mail—to the party at the party's last known address," and the motion's certificate of service shows no indication that the motion was delivered to the appellants. Tex. R. App. P. 6.5(b). The motion does not request leave for any attorney (or law firm) to withdraw, but does request that lead counsel's "former firm . . . be removed from this matter."

court suggests that Burke has standing to ask this court to "remove" his former law firm from "representing" a client and that this court can grant that motion. Burke has no such standing, and this court has no such authority. By its plain language, Rule 6 does not contemplate the appearance or withdrawal of a law firm. Tex. R. App. P. 6. The Rule unambiguously addresses the appearance of individual attorneys. *See, e.g.*, Tex. R. App. P. 6.1(c), 6.2 (requiring lead counsel and other attorneys representing party in appellate court to provide State Bar of Texas identification numbers).[2] The Rule says that an "attorney" must file a Rule 6.5 motion for leave to withdraw. Tex. R. App. P. 6.5.

It is reasonable for people to question why this is worth a separate writing. It matters for two reasons. First, another attorney from Burke's original law firm appeared as counsel representing appellees by adding his name and State Bar of Texas identification number to a previous motion filed by appellees. If that attorney seeks leave to withdraw from representing appellees in this court, then that attorney must file a Rule 6.5 motion. Tex. R. App. P. 6.5. Rule 6.5 does not allow anyone other than the attorney who seeks leave to withdraw to file that motion.[3]

Second, the court should be efficient in ruling on motions. But the court must also follow the law. While this could fairly be characterized as a minor ruling, that does not mean the court is free to do whatever it thinks is "right." What process does the court follow to determine when to follow the law and when not

---

[2] If the Clerk of the Supreme Court of Texas has ever issued a bar card to a law firm, that is news.

[3] Rule 6.5 permits "an attorney to withdraw" and specifically requires the motion to "be delivered to the party" and state "that the party was notified in writing of the right to object to the motion." Tex. R. App. P. 6.5.

to? The efficient way to conduct the court's business on such nondiscretionary motions is to simply follow the law and rule accordingly. Time spent deciding whether to follow the plain language of statutes or rules is time wasted.

I concur in the portion of this court's order to the extent that it grants "relief" on something for which the appellate rules do not even require a motion; at most that part of the order is harmless. I dissent to the portion of the order that grants a request from a party and/or its counsel to "remove" an entity that is not an attorney—the law firm in this case—as counsel. This court has no authority to do that. Only attorneys are licensed to practice law; law firms are not licensed. *See* Tex. Gov't Code Ann. §§ 82.001–.066. This court's order "removing" a law firm implies the previous automatic appearance of all attorneys at that law firm merely because the law firm's name appeared on a document filed in this court. That is not the law and never has been.

/s/     Charles A. Spain
Justice

Panel Consists of Chief Justice Christopher and Justices Wilson and Spain. (Spain, J., dissenting).

4